**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MAURICE KING, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:03-CV-126-PRC |
| | ) | |
| ALBERTO R. GONZALES, | ) | |
| Attorney General of the United States, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for the Court to Reconsider Its May 5, 2005 Order Granting Summary Judgment in Favor of the Defendant [DE 52], filed by Plaintiff Maurice L. King, Sr. on August 26, 2005, and on Plaintiff's Motion Requesting That The Court Give Indication That It Is Inclined To Grant My Motion for Reconsideration [DE 51], filed by the Plaintiff on August 26, 2005.

**PROCEDURAL BACKGROUND**

On April 4, 2003, the Plaintiff, Maurice L. King, Sr., filed a Complaint in this Court, alleging race discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e, *et seq*. On December 5, 2003, the Defendant filed his Answer.

On December 15, 2004, the Defendant filed his Motion for Summary Judgment and supporting materials. On January 25, 2005, the Plaintiff filed his Answering Memorandum to Defendant's Motion for Summary Judgment and supporting materials. On February 11, 2005, the Defendant filed his Reply. On May 5, 2005, the Court granted the Defendant's Motion for Summary Judgment and entered judgment in favor of the Defendant.

On June 30, 2005, the Plaintiff filed a Notice to Proceed *Pro Se* and Motion for the Court

to reconsider its May 5, 2005 Order granting summary judgment in favor of the Defendant.

On July 5, 2005, the Plaintiff filed a Notice of Appeal as to the Court's May 5, 2005 Order granting the Defendant's Motion for Summary Judgment.

On July 13, 2005, the Court denied without prejudice the Plaintiff's Motion for Reconsideration of May 5, 2005 Order, finding that the Plaintiff's 68 page Motion was in excess of the 25 page limitation set forth in Local Rule 7.1.

On August 26, 2005, the Plaintiff filed the instant Motion for Reconsideration and Motion requesting that the Court give indication that it is inclined to grant the Motion for Reconsideration. On September 26, 2005, the Court took the motions under advisement and ordered the Defendant to file any responses to the motions by October 7, 2005.  On October 6, 2005, the Defendant filed a response to the Plaintiff's Motion for Reconsideration.  On October 18, 2005, the Plaintiff filed a reply to the Defendant's response to the Plaintiff's Motion for Reconsideration.

On June 22, 2006, the United States Court of Appeals for the Seventh Circuit affirmed the Court's May 5, 2005 Order granting the Defendant's Motion for Summary Judgment.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.  Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

The Plaintiff asserts that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) or (6) because "whether due to mistake, inadvertence, failures or otherwise, critical facts and favorable evidence were not presented to the court." Pl. Br., p. 35.  Specifically, the Plaintiff claims that his attorney: (1) failed to cite various depositions, including the Plaintiff's own deposition; (2) failed to depose various witnesses who were known to the Plaintiff prior to the close

of discovery; (3) failed to subpoena various DEA files that the Plaintiff knew existed prior to the close of discovery; (4) failed to address the Plaintiff's allegation of race discrimination in his response to the Defendant's Motion for Summary Judgment; and (5) failed to cite any case law or authority to support the Plaintiff's claims.  The Plaintiff requests that the Court enter judgment in his favor or enter an order denying the Defendant's Motion for Summary Judgment, enter an order for the DEA to provide the Plaintiff with certain documents, and enter an order permitting the Plaintiff to depose certain individuals.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).  Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1).  "Excusable neglect" can include "omissions through carelessness and mistake," *Robb v. Norfolk & Western Railway Company*, 122 F.3d 354, 358 (7th Cir. 1997) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993); *Matter of Singson*, 41 F.3d 316, 319 (7th Cir. 1994)).  "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (internal citations omitted)).  The general rule is that "inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 878 (7th Cir. 1996).  "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.,* 27 F.3d

3

301, 303 (7th Cir. 1994). It is also widely accepted that neglect due to a busy schedule is not excusable. *See Harrington,* 433 F.3d at 548. The determination of what constitutes "excusable neglect" is within the discretion of the trial court. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).

The Plaintiff also seeks relief under Rule 60(b)(6), which authorizes a court to relieve a party from a final judgment or order for "any other reason justifying relief from the operation of judgment." However, that provision is not an appropriate place to assert arguments that should have been made earlier. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

The Plaintiff has failed to present any compelling reason why the Court's May 5, 2005 Order should be vacated. Rather, the Plaintiff has attempted to relitigate issues that were raised or could have been raised in the briefing on the Defendant's summary judgment motion. Rule 60(b)(6) does not justify such relief. *See Bank of Waunakee v. Rochester Cheese Sales,* 906 F.2d 1185, 1191 (7th Cir. 1990) (explaining the purpose of a motion for reconsideration). Accordingly, the Court denies the Plaintiff's Motion to Reconsider the Court's May 5, 2005 Order. The Court reaffirms its May 5, 2005 Order granting the Defendant's motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Plaintiff's Motion for the Court to Reconsider Its May 5, 2005 Order Granting Summary Judgment in Favor of the Defendant [DE 52]. The Court **DENIES as moot** the Plaintiff's Motion Requesting That The Court Give Indication That It Is Inclined To Grant My Motion for Reconsideration [DE 51]**.**

SO ORDERED this 20th day of July, 2006.

                                       s/ Paul R. Cherry
                                       MAGISTRATE JUDGE PAUL R. CHERRY
                                       UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*